# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SRIKANT JONNADA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-456-D |
| | ) |
| LIBERTY INSURANCE CORPORATION, | ) |
| and | ) |
| ENGINEERING, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion to Remand [Doc. No. 7], in which Plaintiff argues that diversity jurisdiction is lacking. Defendant Liberty Insurance Corporation ("Liberty") has timely opposed the motion [Doc. No. 8].[1] The matter is fully briefed and at issue.

## BACKGROUND

On March 21, 2019, Plaintiff filed breach of contract and bad faith claims against Liberty Mutual Insurance Company ("Liberty Mutual") in state court. [Doc. No. 1-2]. Liberty Mutual removed the case to this Court on May 20, 2019, based on diversity of citizenship under 28 U.S.C. § 1332. [Doc. No. 1]. Following removal, Liberty Mutual moved to dismiss Plaintiff's Petition [Doc. No. 5], arguing that Liberty was the proper defendant in this action. During the pendency of that motion, Plaintiff filed an Amended

---

[1] Liberty has not been served with a copy of the Amended Complaint; thus, Liberty appears for the sole purpose of responding to Plaintiff's Motion to Remand.

Complaint [Doc. No. 6], naming Liberty and Engineering, Inc. ("Engineering") as defendants. Plaintiff asserts that Engineering, like Plaintiff, is a citizen of Oklahoma; thus, the parties to the Amended Complaint lack complete diversity of citizenship. Liberty asserts that diversity jurisdiction does exist because Engineering has been fraudulently joined, and Plaintiff has no possibility of recovery against Engineering.

**STANDARD OF REVIEW**

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Liberty relies on the second basis. Liberty bears the burden to establish that its removal of Plaintiff's case to federal court was proper. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

**DISCUSSION**

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted). Under the circumstances of this case, Liberty must show there is no possibility that Plaintiff would be able to establish a cause of action against the resident defendant, Engineering. The non-liability of the defendant alleged to be fraudulently joined must be established with "complete certainty." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'n,*

*Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (internal citations omitted).

Plaintiff asserts claims of breach of contract, bad faith, negligence, and fraud against Engineering. Plaintiff alleges that Engineering is an agent of Liberty, and that Liberty issued Plaintiff an insurance policy in March 2013 for homeowners' insurance coverage. On April 4, 2017, Plaintiff allegedly discovered severe wind and hail damage to his roof and accompanying water intrusion. Plaintiff alleges that the policy was in effect at the time, all premiums had been paid, and all conditions precedent for coverage had been met by Plaintiff.

Plaintiff informed Liberty of the alleged damage and requested that Liberty evaluate Plaintiff's losses and pay the claim. Plaintiff alleges that Liberty denied the claim without conducting a meaningful investigation. After Plaintiff disputed the claim, Liberty retained Engineering to investigate and evaluate the damage to Plaintiff's home. Plaintiff alleges that Liberty and Engineering conducted an unfair, incomplete, and inadequate investigation, and as a result, Liberty incorrectly concluded that Plaintiff's loss was not an insured event.

Liberty contends that following receipt of Plaintiff's claim, its employee inspected the home and concluded that the roof damage was not storm-related and that the interior damage did not exceed Plaintiff's deductible. When Plaintiff disagreed with these conclusions, Liberty retained a third-party consultant, Shawn Thompson with Engineering, to re-inspect Plaintiff's home. On May 31, 2017, Thompson issued a report, concurring

with Liberty that there was no storm damage to the home's roof. Liberty shared Thompson's report with Plaintiff. On March 1, 2019, a second engineer with Engineering, Robert Chynoweth, completed a report in which he concurred with Thompson's prior conclusions. On March 11, 2019, Liberty reiterated its partial denial in a letter to Plaintiff's counsel.

On March 21, 2019, Plaintiff sued Liberty Mutual in state court. [Doc. No. 1-2]. Plaintiff asserted claims against Liberty Mutual for breach of contract and bad faith. *Id.* Plaintiff alleged that Liberty Mutual and its agents conducted an unfair and inadequate investigation and evaluation of his claim. *Id.* Plaintiff did not name any other defendants in his Petition.

On May 20, 2019, Liberty Mutual removed the action to this Court based on diversity jurisdiction, and filed a motion to dismiss on May 28, 2019, alleging that Plaintiff had sued the wrong entity. [Doc. Nos. 1, 5]. Liberty Mutual alleged that Liberty issued the policy, not Liberty Mutual. Plaintiff subsequently filed an Amended Complaint, naming Liberty and Engineering as defendants. [Doc. No. 6]. Plaintiff asserts in his motion to remand, that upon receiving Liberty Mutual's motion to dismiss, Plaintiff "was forced to reevaluate his potential claims against [Liberty Mutual] and other parties, including [Liberty]." [Doc. No. 7 at 1-2].

Liberty asserts that Plaintiff added Engineering as a defendant, following Liberty Mutual's removal of the case, solely to defeat diversity jurisdiction. Further, Liberty asserts that Plaintiff has been in possession of the facts underlying his alleged claims against Engineering for more than two years. Moreover, Liberty asserts that Plaintiff's

claims against Engineering fail to state a claim upon which relief can be granted because Engineering never had a contractual relationship with Plaintiff.

    *A.    Breach of contract claim against Engineering*

To establish breach of contract under Oklahoma law, Plaintiff must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Info. Builders, Inc.,* 24 P.3d 834, 843 (Okla. 2001). Plaintiff does not allege in his Amended Complaint that he had a contract with Engineering. Plaintiff does assert that Liberty's contract with Engineering "was for the primary benefit of [Plaintiff as Liberty's] insured." [Doc. No. 6 at 5].

Pursuant to OKLA. STAT. tit. 15, § 29, "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." "[T]he phrase 'a contract, made expressly for the benefit of a third person[,]' refers to a promise made directly for the third party's benefit." *Oil Capital Racing Ass'n, Inc. v. Tulsa Speedway, Inc.*, 628 P.2d 1176, 1179 (Okla. Civ. App. 1981). "The benefit cannot be enforced if it has to be implied from the terms of the contract or results incidentally from its performance." *Id*. "A third-party beneficiary's rights depend upon, and are measured by, the terms of the contract between the promissor and promisee." *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 141 (Okla. 2006). "One to whom, by the express terms of a contract, no obligation is due from its promissor, cannot qualify for the status of an intended or implied third-party beneficiary." *Id*.

Plaintiff does not assert any obligation that Engineering owed him because of its contract with Liberty. Nor does Plaintiff assert how Engineering breached its contract with

5

Liberty. Thus, Plaintiff has failed to state a claim against Engineering for breach of contract.

    B.    *Bad faith claim against Engineering*

To recover on a bad faith claim against Engineering, Plaintiff would have to establish that Engineering breached its contract. *See, e.g., Sims v. Great Am. Life Ins. Co.*, 207 Fed. Appx. 908, 910 (10th Cir. Dec. 5, 2006) (unpublished);[2] *Quail Creek Petroleum Mgmt. Corp. v. XL Specialty Ins. Co.*, 129 Fed. Appx. 466, 471 (10th Cir. April 28, 2005) (unpublished)[3] ("We note that a bad-faith action is inextricably intertwined with a breach-of-contract claim; indeed, the breach must be established as an essential element of the bad-faith claim."). Again, Plaintiff has not alleged that he had a contract with Engineering. He has not alleged that Engineering owed him any obligation because of its contract with Liberty, nor does Plaintiff assert how Engineering breached its contract with Liberty. Thus, Plaintiff's bad faith claim against Engineering also fails.

    C.    *Negligence claim against Engineering*

"The elements of negligence are: '(1) the existence of a duty on part of defendant to protect plaintiff from injury; (2) a violation of that duty; and (3) injury proximately resulting therefrom.'" *Prince v. B.F. Ascher Co., Inc.,* 90 P.3d 1020, 1027 (Okla. Civ. App. 2004) (*quoting Brigance v. Velvet Dove Restaurant, Inc.*, 725 P.2d 300, 302 (Okla. 1986)). "The existence of a duty is an essential element of a negligence claim; without it the claim

---

[2] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

[3] Unpublished opinion cited pursuant to FED. R. APP. P. 32.1(a) and 10TH CIR. R. 32.1.

must fail." *Henry v. Merck and Co., Inc.,* 877 F.2d 1489, 1492 (10th Cir. 1989) (citing Oklahoma law). "Duty is clearly the threshold question in any negligence action." *Copeland v. Admiral Pest Control Co.*, 933 P.2d 937, 939 (Okla. Civ. App. 1996). Duty of care is a question of law for the Court. *Id*; *see also Trinity Baptist Church v. Brotherhood Mut. Ins. Serv., LLC,* 341 P.3d 75, 82 (Okla. 2014). Whether a duty exists depends on the relationship between the parties. *Copeland*, 933 P.2d at 939. "[T]he essential question is whether the plaintiff's interests are entitled to protection against the defendant's conduct." *Morales v. City of Okla. City ex rel. Okla. City Police Dep't*, 230 P.3d 869, 878 (Okla. 2010) (internal quotation omitted). One of the most important considerations is the foreseeability of injury to the plaintiff. *Id.*

In *Trinity Baptist Church*, the Oklahoma Supreme Court held, as a matter of first impression, that an independent adjustor hired by the insurance company owed no duty of care to the insured. *Trinity Baptist Church*, 341 P.3d at 85-86. The court pointed out that if the independent agent or contractor "fails to adequately perform the functions, the insurer is liable, not under the doctrine of *respondeat superior*, but because of its own failure to comply with its non-delegable duty of good faith." *Id.* at 86 (internal quotation omitted). Further, the court stated that although harm to the insured through an adjustor's negligence may be foreseeable, "from a policy standpoint it makes little sense to hold that the adjustor has an independent duty when the insurer itself is subject to liability for the adjustor's mishandling of claims in actions alleging breach of contract and bad faith." *Id*. The court opined that the existence of a separate legal duty on the adjustor's part would potentially

7

allow for double recovery because the insured could recover from the insurer and from the adjustor for the same conduct. *Id.*

Although Engineering was a party to a contract with Liberty for engineering services, Engineering had no contract with Plaintiff. Plaintiff has presented no legal authority that would support a negligence claim against Engineering under Oklahoma law consistent with the allegations of his pleading. Further, there is no allegation that Engineering breached its contract with Liberty or performed the contract negligently. Based on the record, the Court finds that Liberty has clearly shown that Plaintiff cannot establish any negligence claim against Engineering.

  *D.*  *Fraud claim against Engineering*

Liberty contends that Plaintiff has failed to plead fraud with particularity as required by FED. R. CIV. P. 9(b). Plaintiff alleges that Engineering refused to conduct a complete and accurate investigation and, by fraud, submitted a grossly inaccurate report of the damage to Plaintiff's home, and that Plaintiff relied on the report to his detriment and suffered significant damages.

Allegations of fraud are governed by the heightened pleading requirements of Rule 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements

8

and the consequences thereof." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-727 (10th Cir. 2006) (internal quotations omitted), *abrogated on other grounds by Cochise Consultancy, Inc. v. United States ex rel. Hunt*, 139 S.Ct. 1507 (2019); *see Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006). To determine if factual allegations satisfy Rule 9(b), the Court reviews only the text of the complaint and does not consider matters outside the pleading. *See Sikkenga*, 472 F.3d at 726; *Tal*, 453 F.3d at 1263. However, a document that is central to the plaintiff's claim and referred to in the complaint may properly be considered. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008); *Tal*, 453 F.3d at 1265. The Court accepts "as true all well-pleaded facts, as distinguished from conclusory allegations, and view[s] those facts in the light most favorable to the non-moving party." *Sikkenga*, 472 F.3d at 726.

The inadequacy of Plaintiff's fraud claim against Engineering is obvious when examined under the Rule 9(b) standard. It is unclear from Plaintiff's factual allegations whether he is alleging a false statement or an omission in Engineering's report. Plaintiff does not describe how the report is inaccurate, nor does Plaintiff describe the report in any detail so as to know its contents, who made it, and where and when it was made.

Liberty also contends that Plaintiff has failed to state a claim for fraud under Rule 12(b)(6). The elements of fraud are: "(1) That defendant made a material misrepresentation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *State ex rel. Southwestern Bell*

9

*Tel. Co. v. Brown*, 519 P.2d 491, 495 (Okla. 1974). Plaintiff broadly contends that Engineering prepared a "grossly inaccurate report," but never alleges any specific misrepresentation that Engineering made, that the purported representation was material, or that it was false. [Doc. No. 6 at 4]. Further, Plaintiff does not allege that any specific individual with Engineering knew that a representation was false or that a specific individual made such a representation recklessly without knowledge of its truth.

Plaintiff does not explain how he relied on the report to his detriment. Indeed, Plaintiff's other allegations in his Amended Complaint and the evidence of record suggests that Plaintiff did not rely on the report from Engineering, but rather Plaintiff has disagreed with Liberty and Engineering as to whether there was storm damage to his roof. Plaintiff has failed to plead his fraud claim with particularity and has failed to state a claim for fraud.

## CONCLUSION

For these reasons, the Court finds that Liberty's allegation of fraudulent joinder has been established, and the nondiverse defendant, Engineering, should be disregarded. Thus, there is complete diversity of citizenship between the parties and subject matter jurisdiction exists. Plaintiff's action against Engineering will be dismissed without prejudice.[4] Plaintiff's Motion to Remand [Doc. No. 7] is **DENIED**. Further, Liberty Mutual is no longer a party to this action, as Plaintiff's Amended Complaint supersedes Plaintiff's

---

[4] If a defendant is fraudulently joined and is disregarded as a party, the Court has no jurisdiction to resolve the merits of claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.,* 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (if the district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice).

Petition and renders it of no legal effect. [Doc. No. 9]. The Court directs the Clerk to terminate Liberty Mutual Insurance Company and Engineering, Inc., as parties to this action.

Pursuant to FED. R. CIV. P. 4(m), Plaintiff is directed to show cause not later than December 6, 2019, why this action should not be dismissed without prejudice as to Liberty Insurance Corporation for failure to effect service of process within 90 days after filing the Amended Complaint. In the absence of such a showing, this action may be dismissed without prejudice as to Liberty Insurance Corporation without further notice to Plaintiff.

**IT IS SO ORDERED** this 18th day of November 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge