IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **SRIKANT JONNADA,**<br><br>          **Plaintiff,**<br><br>v.<br><br>**LIBERTY INSURANCE CORPORATION,**<br><br>          **Defendant.** | Case No. CIV-19-456-D |

## DEFENDANT'S MOTION TO COMPEL AND BRIEF IN SUPPORT

Pursuant to FED. R. CIV. P. 37 and LCvR 37.1, Defendant Liberty Insurance Corporation ("Liberty") respectfully submits this Motion to Compel document production from Plaintiff Srikant Jonnada ("Plaintiff") and Brief in Support. Liberty served Interrogatories and Requests for Production of Documents on Plaintiff in March and April of 2020. Plaintiff's written responses and document production were deficient in several key respects. Specifically, Plaintiff has failed to produce documents underlying his many specific categories of claimed damages. Liberty has attempted to obtain this information from Plaintiff many times for many months—and even agreed to extend the Scheduling Order and move Plaintiff's noticed deposition on the understanding that the requested documents would be forthcoming—but Plaintiff has continually failed to supply basic documents supportive of his own claimed damages. Plaintiff's refusal to supply this key information has obstructed and impeded the progress of litigation and discovery and prejudiced Liberty's defense of this case. Therefore, Liberty respectfully requests that the

Court grant its Motion to Compel and award Liberty its reasonable fees and costs incurred in bringing this Motion. Given the upcoming deadlines in this case, Liberty respectfully requests expedited briefing and consideration of this matter.

In further support of this Motion, Liberty states as follows:

## BACKGROUND FACTS

This case arises out of Plaintiff's claim that his residence suffered storm damage on or about April 4, 2017. At the relevant time, Plaintiff had a homeowner's insurance Policy with Liberty. Plaintiff made an insurance claim for the alleged damage. Liberty inspected the home and investigated the damage. Its adjuster concluded that certain damage to the home's roof was not covered under the Policy, and other interior damage to the home was covered but did not exceed the Policy's deductible. When Plaintiff disagreed with Liberty's conclusions, Liberty hired a third-party engineer, Robert Chynoweth with Engineering, Inc., who prepared multiple reports confirming Liberty's decision on the claim. In contrast, Plaintiff urges that his home has incurred significant covered, storm-related damages, and has filed suit against Liberty for breach of contract and bad faith.

On March 27, 2020, Defendant served its First Set of Interrogatories and Requests for Production of Documents. Exhibit 1. On April 16, 2020, Defendant served a Second Set of Interrogatories and Requests for Production of Documents on Plaintiff. Exhibit 2. Plaintiff responded to both sets of discovery requests on May 22, 2020. Exhibit 3. Plaintiff also produced 123 pages of documents. In his Answer to Liberty's Interrogatory No. 6, Plaintiff identified many specific categories of damages he claims to have incurred to repair his home and due to the loss of a willing buyer for his home. Exhibit 3.

On September 25, 2020, counsel for Liberty sent Plaintiff's counsel a letter outlining several fundamental deficiencies in Plaintiff's discovery responses and document production. Exhibit 4, Letter from M. Shipley. Specifically, Plaintiff failed to produce documents supportive of the many damages he claims he has incurred for needed repairs to his home and due to the loss of a willing buyer. In the letter, Liberty's counsel asked that Plaintiff supply the deficient discovery and documents on or before October 2, and asked whether Plaintiff was available for his deposition on October 12. Liberty received no response to the letter of September 25.

On October 1, 2020, Liberty's counsel also sent Plaintiff's counsel an email inquiring whether Plaintiff was available for his deposition on October 12. Exhibit 5, Email from M. Shipley. Having received no response, Defendant noticed Plaintiff's deposition for October 12, 2020. Exhibit 6. On October 2, 2020, following the receipt of the deposition notice, Plaintiff's attorneys called Liberty's counsel and requested an extension of the Scheduling Order. In doing so, they represented that they would supply new dates for Plaintiff's deposition and would produce the deficient discovery raised in the letter of September 25. Based on those representations, counsel for Liberty responded by email on October 6, agreed to a 90-day extension of the Scheduling Order, and inquired about new dates for Plaintiff's deposition. Exhibit 7.

Plaintiff's attorney responded the same day by email and reiterated that he would supply deposition dates "in the next few days." Exhibit 8. On October 7, Liberty's counsel responded and stated that given the agreement to extend deadlines, Defendant was withdrawing the October 12 Notice of Plaintiff's deposition. Exhibit 9. On October 13,

2020, the Court granted the Joint Motion for Extension of Deadlines. Doc. No. 25. That same day, Liberty's counsel again emailed Plaintiff's counsel and inquired about the status of Plaintiff's deficient discovery as set forth in the prior letter of September 25. Exhibit 10. Again, Liberty never received a response, nor did Plaintiff's firm supply Plaintiff's availability for his deposition, as promised.

Accordingly, on December 1, 2020, Liberty's counsel Margo Shipley called Plaintiff's counsel, Mark Hornbeek, who agreed to follow up that same week regarding the discovery deficiencies and Plaintiff's availability for a deposition. Ms. Shipley memorialized this agreement in an email to Mr. Hornbeek on December 1, 2020, and sent a follow-up email on December 7 inquiring about these items. Exhibits 11-12. Yet again, Liberty received no response. On January 7, 2021, Plaintiff's counsel sent Liberty's counsel an email asking to schedule a call on this matter. Exhibit 13. On January 11, 2021, Liberty's counsel sent a follow-up letter outlining Plaintiff's repeated discovery deficiencies (Exhibit 14), and enclosed a notice of Plaintiff's deposition for January 25. On January 13, 2021, counsel met and conferred regarding the deficient discovery. Plaintiff's counsel indicated that he would either produce the deficient documents on or before January 19, 2021, or would dismiss the case without prejudice. *See* Exhibit 15. Liberty's counsel explained that if Plaintiff did not supply the documents on January 19, Liberty would file a Motion to Compel, given the impending deposition and other forthcoming deadlines in the case. *Id.*

On January 19, 2021, after 5:00 PM, Plaintiff's counsel advised he had received documents from his client and would supply them no later than the following morning.

4

Exhibit 16. On January 20 and 22, 2021, Plaintiff's counsel sent several emails with attachments purporting to be "supplemental" document production. While Plaintiff supplied some new production, many of these documents were items already in Liberty's possession. Plaintiff's counsel also responded and indicated these were all the responsive documents his client possessed, but stated he was asking Plaintiff to gather additional "payment support backup." Exhibit 17. Liberty's counsel advised that due to the continued discovery deficiencies, Liberty was unable to proceed with Plaintiff's deposition and would file a Motion to Compel. Exhibit 18.

Approximately ten months have passed since Defendant served its discovery requests, yet Plaintiff has failed to produce key documents underlying his own claimed damages. Liberty has made monumental efforts to obtain this information cooperatively, without Court intervention, but Plaintiff has not complied with his fundamental discovery obligations. Liberty agreed to move the Scheduling Order and has moved Plaintiff's deposition repeatedly to obtain the necessary documents and to accommodate Plaintiff's and his counsel's request for more time, but responsive documents have not been forthcoming. Plaintiff has now supplied a meager production and his counsel contends—for the first time after months of requests—that this is all there is. Respectfully, Plaintiff's failure to provide these fundamental documents is highly improper and his eleventh-hour assertion that there are no documents to support the majority of his claimed categories of documents is illogical.

Liberty respectfully requests that the Court grant this Motion to Compel, order Plaintiff to produce the requested documents and information, and award Liberty its reasonable fees and costs incurred in filing this Motion to Compel.

## CERTIFICATION OF MEET AND CONFER

On January 13, 2021, and by many other phone calls, emails, and letters discussed herein, counsel for Liberty and Plaintiff met and conferred by telephone regarding the discovery that is the subject of this Motion to Compel in a good faith effort to resolve these issues without Court intervention but were unable to do so.  Per LCvR 37.1, no personal conference is required because counsel have conferred by telephone, the motion arises from failure to timely make a discovery response, and the distance between counsel's respective offices in Oklahoma City and Tulsa renders a personal conference infeasible.

## STANDARD OF REVIEW

FED. R. CIV. P. 26(b)(1) provides the scope of discovery in civil actions:

> [T]he scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Such discovery rules warrant "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  When the requested discovery appears relevant, **the party opposing discovery has the burden of establishing a lack of relevance** by demonstrating that the requested discovery is outside of the scope of relevance under the Federal Rules, or that it

is of such marginal relevance that its potential harm would outweigh the ordinary presumption in favor of broad disclosure. *AG Equip. Co. v. AIG Life Ins. Co.*, 2008 WL 5205192, *1 (N.D. Okla. Dec. 10, 2008) (emphasis added) (internal quotations omitted) (citing *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)). Moreover, "[a]ny ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4); *see also* FED. R. CIV. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served ….").

Liberty respectfully asks that the Court grant this Motion to Compel, order Plaintiff to produce the deficient document production, and award Liberty its reasonable fees and costs incurred in preparing and prosecuting this Motion.

## ARGUMENT AND AUTHORITY

Plaintiff's failure to produce the requested documents is inexcusable. Due to Plaintiff's conduct, Liberty has been unable to take Plaintiff's noticed deposition and is now prejudiced in advance of its February 19 deadline for expert disclosures, March 4 deadline for filing dispositive motions, and April 5 discovery cutoff. Plaintiff has not objected to the discovery Liberty seeks and has repeatedly agreed to provide the requested information, but simply has not done so for many months. Therefore, Liberty respectfully asks that the Court grant its Motion to Compel, order Plaintiff to supply the discovery responses and documents, and award Liberty its reasonable fees and costs incurred in filing this Motion to Compel.

## I. Liberty Respectfully Asks the Court to Order Plaintiff to Produce Documents Underlying His Own Claimed Damages.

Liberty respectfully requests that the Court order Plaintiff to produce the basic documents underlying his own claimed damages. Specifically, in his Answer to Interrogatory No. 6, Plaintiff claims that he has "incurred" the following losses for repairs to his home:

- $1,443.00 to remediate and/or replace damaged drywall;
- $650.00 to remediate and/or replace damaged carpet and flooring;[1]
- $1,820.00 to repaint damaged walls;
- $50.00 to remediate damaged trim;

Exhibit 3. Plaintiff also asserts he has "incurred" the following damages through "the loss of a willing buyer for the property:

- $37,602.34 in mortgage interest;
- $10,800.00 in utilities;
- $11,164.43 in property taxes;
- $4,357.00 to insure the property;
- $390.00 in yard maintenance costs;
- $675.00 to remediate damage to the yard of the property;
- $1,000.00 to remove damaged trees.

*Id.* Plaintiff promised to produced "responsive estimates and/or appraisals in his possession" in his Answer to Interrogatory No. 15. Exhibit 3. These documents are also responsive to Liberty's Request for Production No. 16, which seeks documents supportive of Plaintiff's claimed damages, and Request Nos. 19 and 20, which seek copies of documents evidencing expenses incurred allegedly as a result of the subject loss.

---

[1] Plaintiff produced an invoice documenting a $1,750.00 charge for carpeting but has produced nothing supportive of the $650.00 he claims against Liberty.

Significantly, as set forth herein, Plaintiff has produced **no documents** supportive of these claimed damages, despite Liberty's many requests.

It is fundamental that Liberty may obtain discovery regarding any non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case." *See* FED. R. CIV. P. 26(b)(1). Indeed, Rule 26(a)(1)(A)(iii) provides that Plaintiff must, "without awaiting a discovery request," produce to Liberty:

> [A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

Pursuant to FED. R. CIV. P. 37, a party may move for an order compelling discovery if another party fails to answer interrogatories or to produce documents, and if the moving party has conferred or attempted to confer with the party resisting discovery. *Id*.

Here, the requested documents supportive of Plaintiff's own claimed damages are unquestionably relevant and discoverable pursuant to Rules 26(b)(1) and 26(a)(1)(A)(iii). Plaintiff has never alleged that these foundational damages documents are in any way privileged (nor could he). Neither has Plaintiff asserted any other objection to production of the requested documents. Rather, Plaintiff has stonewalled Liberty for months, promised endlessly that the documents would be forthcoming, and ultimately asserted that he has no additional responsive documents. Respectfully, Plaintiff's assertion that he lacks any documents supportive of the line-items listed above is absurd. Plaintiff claims that he has **already incurred** certain damages to repair his home and due to loss of a buyer for the home. Surely, there are invoices, receipts, billing statements, utility bills, tax bills,

insurance statements, check stubs, and/or credit card statements, that would support these claimed damages. Plaintiff's assertions to the contrary are illogical and should be disregarded.

Plaintiff's failure to respond to discovery has unduly prejudiced Liberty's ability to defend against Plaintiff's allegations. Specifically, Liberty has been unable to proceed with additional discovery, including Plaintiff's deposition, because it lacks foundational documents in this case. Plaintiff's repeated failure to respond to discovery is blatant and unexcused and continues to prejudice Liberty in advance of the imminent deadlines for expert disclosures, dispositive motions, and the discovery cutoff. Therefore, pursuant to FED. R. CIV. P. 37, Liberty respectfully requests that the Court compel Plaintiff to produce the deficient document production. Given the forthcoming deadlines, Liberty respectfully requests expedited briefing and consideration of this matter.

## II. Liberty Respectfully Seeks its Reasonable Fees and Costs Incurred in Preparing and Prosecuting this Motion to Compel.

Liberty respectfully seeks its reasonable fees and costs incurred in preparing and prosecuting this Motion to Compel. In light of Plaintiff's blatant and unexcused failure to produce documents, Liberty respectfully requests its fees and costs pursuant to FED. R. CIV. P. 37(a)(5):

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

10

>(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>(iii) other circumstances make an award of expenses unjust.

"Courts have very broad discretion to use sanctions where necessary to insure that lawyers and parties fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Porter Bridge Loan Co. v. Hentges*, No. 09-CV-593-JED-FHM, 2013 WL 1412372, *6 (N.D. Okla. Apr. 8, 2013) (citation and quotation omitted) (upholding magistrate judge's award of sanctions due to a litigant's failure to fully respond to discovery). "A party who prevails on a motion to compel is presumptively awarded its expenses, including reasonable attorney fees unless one of the three conditions set forth in Rule 37(a)(5)(A)(i)-(iii) is present." *Leisure Hospitality, Inc. v. Hunt Props., Inc.*, No. 09-CV-272-GKF-PJC, 2010 WL 3522444, *2 (N.D. Okla. Sept. 8, 2010) (awarding sanctions pursuant to FED. R. CIV. P. 37(a)(5)(A) where a party failed to adequately respond to discovery).

Liberty respectfully submits that due to Plaintiff's non-compliance with the Federal Rules of Civil Procedure and the resulting prejudice to Liberty, a fee award is appropriate. As shown above, Liberty attempted in good faith to obtain discovery from Plaintiff many times over many months, to no avail. The deadlines for expert disclosures and dispositive motions are weeks away, and Liberty still lacks fundamental documents underlying Plaintiff's own claimed damages. Plaintiff's failure to participate in discovery is not "substantially justified," and no circumstances are present that make an award of expenses unjust. Consequently, Liberty respectfully requests that the Court grant its Motion to

Compel and award Liberty its reasonable expenses incurred in preparing and prosecuting this Motion.

## **CONCLUSION**

Based on the foregoing, Defendant Liberty Insurance Corporation respectfully requests that the Court order Plaintiff Srikant Jonnada to produce the deficient document production and award Liberty its reasonable fees and costs incurred in preparing and prosecuting this Motion to Compel. Given the forthcoming Scheduling Order Deadlines, Liberty respectfully requests expedited briefing and consideration of this matter.

Respectfully submitted,

*s/William W. O'Connor*

William W. O'Connor, OBA No. 13200
Kristen P. Evans, OBA No. 30210
Margo E. Shipley, OBA No. 32118
**HALL, ESTILL, HARDWICK,
GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
kevans@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR DEFENDANT,
LIBERTY INSURANCE
CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the following ECF registrants:

Juston R. Givens
Mark E. Hornbeek

**ATTORNEYS FOR PLAINTIFF,
SRIKANT JONNADA**

                                            *s/William W. O'Connor*
                                            William W. O'Connor

4739600.1:003439.00067